**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OBED BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00866 HEA |
| | ) | |
| EXPRESS SCRIPTS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Express Scripts Services Company[1] ("Defendant"), for its Answer to Plaintiff

Obed Brown's ("Plaintiff") Complaint, states as follows:

1.     Defendant admits Plaintiff purports to bring this action under Title VII of the

Civil Rights Act of 1964 ("Title VII"), but denies that it violated Title VII, or any other statute or

provision of law.  Defendant further denies the allegations contained in the "Other" paragraph in

paragraph 1 of Plaintiff's Complaint.

## PARTIES

2.     Based on information and belief, Defendant admits Plaintiff resides at 6145

Lalite, St. Louis, MO 63136.

3.     Defendant admits that it has a business location at 1 Express Way, St. Louis, MO

63121, but denies that Plaintiff worked at this location.

4.     Defendant denies that any discriminatory conduct occurred at this address, or any

other address, and further denies that Plaintiff worked at this address.

---

[1]     Plaintiff incorrectly identifies Defendant as "Express Scripts."  Plaintiff was employed by
Express Scripts Services Company.

5.      Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEDURES

6.      Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits that it is in receipt of what purports to be a charge of discrimination filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") on December 23, 2015. Defendant is without sufficient information to admit or deny the authenticity of said document, and therefore denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Defendant is without sufficient information to admit or deny the allegation that Plaintiff received a right-to-sue notice, and therefore denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      The allegations in paragraph 9 of Plaintiff's Complaint were not completed by Plaintiff and therefore Defendant denies same.

## NATURE OF THE CASE

10.      Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.      Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.      Defendant avers as follows regarding the attached documents (the "Addendum") incorporated into paragraph 12 of Plaintiff's Complaint:

a.      The allegations contained in the unnumbered first paragraph, page 1 of Plaintiff's Addendum, regarding Title VII claims on the basis of sex and retaliation state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies same.  In response to the remaining allegations in the unnumbered first paragraph, page 1- of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the remaining allegations contained in the unnumbered first paragraph, page 1 of Plaintiff's Addendum.

b.      In response to the allegations in the three bulleted paragraphs on page 1 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the remaining allegations contained in the three bulleted paragraphs, page 1 of Plaintiff's Addendum.

c.      In response to the allegations in the three bulleted paragraphs, page 2 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the remaining allegations contained in the three bulleted paragraphs, page 2 of Plaintiff's Addendum.

d.      In response to the allegations in the first unnumbered paragraph, page 3 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the remaining allegations contained in the first unnumbered paragraph, page 3 of Plaintiff's Addendum.

e.      In response to the allegations in the second unnumbered paragraph, page 3 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the remaining allegations contained in the second unnumbered paragraph, page 3 of Plaintiff's Addendum.

f.      The allegations contained in the third unnumbered paragraph, page 3 of Plaintiff's Addendum, are vague and ambiguous; Defendant therefore denies the same.

g.      Defendant is without knowledge to confirm or deny the allegations concerning Plaintiff's medical diagnosis, transgender status, prescriptions, and female transition contained in the fourth unnumbered paragraph, page 3 of Plaintiff's Addendum, and therefore denies same.  Based on information and belief, Defendant admits that Plaintiff is African-American.  Defendant denies any remaining allegations contained in the fourth unnumbered paragraph, page 3 of Plaintiff's Addendum.

h.      Defendant is without knowledge to confirm or deny the allegations concerning Plaintiff's female transition during her employment at Express Scripts contained in the fifth unnumbered paragraph, page 3 of Plaintiff's Addendum, and therefore denies same. Defendant denies all remaining allegations contained in the fifth unnumbered paragraph, page 3 of Plaintiff's Addendum.

i.      In response to the allegations in paragraph I, page 4 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph I, page 4 of Plaintiff's Addendum.

j.      In response to the allegations in paragraph II, page 4 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph II, page 4 of Plaintiff's Addendum.

k.      In response to the allegations in paragraph III, page 4 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph III, page 4 of Plaintiff's Addendum.

l.      In response to the allegations in paragraph IV, page 4 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph IV, page 4 of Plaintiff's Addendum.

m.      In response to the allegations in paragraph V, pages 4-5 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph V, page 4-5 of Plaintiff's Addendum.

n.      In response to the allegations in paragraph VI, page 5 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an

answer is required, Defendant denies the allegations contained in paragraph VI, page 5 of Plaintiff's Addendum.

o.      In response to the allegations in paragraph VII, page 5 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph VII, page 5 of Plaintiff's Addendum.

p.      In response to the allegations in paragraph VIII, pages 5-6 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph VIII, page 5 of Plaintiff's Addendum.

q.      The allegations contained in the first bullet-pointed paragraph on page 5 of Plaintiff's Addendum contain legal statements to which no response is required.  To the extent a response is required, Defendant denies same.

r.      In response to the allegations in paragraph IX, page 6 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph IX, page 6 of Plaintiff's Addendum.

s.      Defendant admits that Plaintiff complained to Jennifer Green about issues she had with coworkers on or about April 15, 2015.  In response to the remaining allegations in paragraph X, page 6 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to

Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the remaining allegations contained in paragraph X, page 6 of Plaintiff's Addendum.

        t.        Based on information and belief, Defendant admits that Plaintiff sought an order of protection against Adam Flowers on October 30, 2015, which was heard by the Family Court of St. Louis County, Missouri on or about November 12, 2015, and denied.  Defendant further admits that Plaintiff complained about Adam Flowers to Kristin Robertson on or about October 22, 2015.  Defendant further admits that both Plaintiff and Flowers were put on paid leave until the court hearing.  Defendant denies the remaining allegations contained in paragraph XI, pages 6-7 of Plaintiff's Addendum.

        u.        Defendant admits that Plaintiff's employment was placed on paid administrative leave pending investigation and then terminated in or around December 2015 for violating Defendant's Workplace Violence Policy.  Defendant denies the remaining allegations contained in paragraph XII, page 7 of Plaintiff's Addendum.

        v.        In response to the allegations in paragraph XIII, pages 7-8 of Plaintiff's Addendum, Defendant has simultaneously filed a Motion to Dismiss pursuant to the Federal Rules of Civil Procedure; therefore, no answer is required by Defendant.  To the extent an answer is required, Defendant denies the allegations contained in paragraph XIII, pages 7-8 of Plaintiff's Addendum.

        w.        Defendant denies the allegations contained in the "Damages" section and bulleted paragraphs on page 8 of Plaintiff's Addendum.

x.      Defendant denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "Request For Relief" section and bulleted paragraphs on pages 9-10 of Plaintiff's Addendum, or otherwise.

y.      Defendant denies any remaining allegations contained in Plaintiff's Addendum not specifically admitted herein.

13.     Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "REQUEST FOR RELIEF" paragraph and the Addendum to Plaintiff's Complaint, pages 9-10, or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that otherwise rests with Plaintiff, Defendant sets forth the following additional answers and affirmative and other defenses:

1.      Except as noted herein, Defendant denies each and every allegation contained in Plaintiff's Complaint and Addendum.

2.      Defendant asserts that Plaintiff's Complaint and Addendum must be dismissed because Plaintiff has failed to state claims upon which relief can be granted.

3.      Defendant asserts that Plaintiff lacks standing to bring these claims against Defendant.

4.      Defendant denies that any of Defendant's employees or agents, acting within the course and scope of their employment or agency, violated any statute, regulation, constitutional provision, common law or public policy or caused any damage or injury to Plaintiff.

5.      Defendant asserts that Plaintiff's Complaint must be dismissed because any actions taken by Defendant with respect to Plaintiff were based on lawful factors and any such actions were for lawful and proper reasons.

6.      Defendant asserts that Plaintiff's claims are barred for failure to properly and/or timely exhaust administrative remedies.

7.      Defendant asserts that Plaintiff failed and neglected to use reasonable means to protect herself from loss and to mitigate the alleged losses and damages complained of in Plaintiff's Complaint.  Defendant further asserts that, to the extent it is determined that Plaintiff is entitled to recover in this action (which Defendant specifically denies), Plaintiff may not recover any damages for any period of time in which she did not make a reasonable effort to find comparable employment.

8.      Defendant asserts that any damages claimed by Plaintiff must be reduced to the extent she has in fact earned amounts in mitigation of her damages.

9.      Defendant asserts that its actions toward Plaintiff were taken in good faith, and that it did not act intentionally or willfully in violation of any law, regulation or public policy.

10.      Defendant asserts that Plaintiff's claims are barred because Plaintiff unreasonably failed to exhaust available internal remedies, and to properly follow internal policies, practices and/or procedures with regard to the making of any alleged complaint including, but not limited to, complaints about discrimination or harassment.

11.      Without conceding that Defendant has the burden of proof on this issue, even if the trier of fact were to determine that unlawful motives or reasons played a substantial or motivating factor in any adverse action taken by Defendant, Defendant would have taken such action in any event without regard to Plaintiff's protected status.

12.     Defendant asserts that Defendant has established policies and procedures to report, prevent, and correct workplace discrimination and harassment, and that those policies and procedures have been communicated to their employees. To the extent Plaintiff unreasonably failed to take advantage of these opportunities provided by Defendant or otherwise failed to avoid harm, Plaintiff's claims are barred.

13.     Defendant asserts that Plaintiff was an at-will employee of Defendant and that her employment ended for legitimate, lawful reasons.

14.     Defendant asserts that all of Defendant's actions with respect to Plaintiff were justified by legitimate, non-discriminatory and non-retaliatory business reasons.

15.     Defendant asserts that Plaintiff's claims are barred by the equitable doctrines of estoppel, laches, waiver, and unclean hands.

16.     Defendant asserts that Plaintiff is barred, in whole or in part, from recovery of damages as alleged and prayed for in Plaintiff's Complaint by the after-acquired evidence doctrine.

17.     Defendant asserts that Plaintiff's Complaint must be dismissed because Defendant acted promptly, appropriately and reasonably to ensure that Defendant's employees were not subjected to any form of discrimination, harassment, or retaliation under Title VII.

18.     Defendant asserts that Plaintiff's claims are barred, in whole or in part, because Defendant has substantially complied with any and all applicable statutes, regulations, constitutional provisions and/or laws.

19.     Defendant asserts that, in the absence of clear and convincing evidence of ill will, spite, malice and willful and wanton conduct, any award of punitive damages would violate the Constitutions of the United States and the State of Missouri.

20.    Defendant asserts that Plaintiff's claims are barred by applicable statutes of limitations or other periods of limitation.

21.    Defendant expressly reserves the right to assert any additional defenses that become known during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Express Scripts, Inc. respectfully prays that this Court enter judgment in favor of Defendant and against Plaintiff, dismiss Plaintiff's Complaint as set forth above, award Defendant its costs incurred in this action, including attorneys' fees, and order such other and further relief as the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Eric A. Todd*
Eric A. Todd, #46919MO
Julia B. Drafahl, #66892MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Phone: (314) 802-3935
Facsimile: (314) 802-3936
eric.todd@ogletree.com
julia.drafahl@ogletree.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on May 19, 2017, a copy of the foregoing was sent via U.S. Mail to the following:

          Obed Brown
          6145 Lalite
          St. Louis, MO 63136

          *Pro se* Plaintiff

                           */s/ Eric A. Todd*
                           Attorney for Defendant

29780863.1

29842972.1