UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| OBED BROWN, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 4:17CV866 HEA |
| EXPRESS SCRIPTS, | ) | |
| Defendant, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss, [Doc. No. 10]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## **Facts and Background[1]**

Plaintiff's *pro se* Complaint alleges Defendant, Plaintiff's former employer, discriminated against her based on her sex and in retaliation. Plaintiff also alleges various other claims, including, criminal claims, discrimination based on sexual orientation or gender identity, race, black listing, and gang stalking. Defendant moves to dismiss certain of Plaintiff's claims.

Plaintiff was an employee of Defendant from October 2013 to December 2015. Plaintiff filed a Charge of Discrimination with the Equal Employment

---

[1] The recitation of the facts is taken from Plaintiff's Amended Complaint and is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Opportunity Commission ("EEOC") on December 23, 2015. This charge alleged sex discrimination and retaliation. No other types of discrimination were checked on the EEOC Charge form.

Within the Particulars section of her charge, Plaintiff claimed that she was harassed by employees and management and that she complained of sexual harassment and harassment based on gender stereotyping. Plaintiff claimed that she was orally attacked by another employee, and was suspended and terminated for alleged terrorist threats, although the other employee was not disciplined or terminated. No claims of racial discrimination were detailed, nor were the race or color boxes checked on the Charge form. Plaintiff likewise did not check the "other" box with regard to her claims of sexual orientation or that she was transgender. Plaintiff identified the dates of discrimination to be February 2, 2015 as the earliest dated and October 22, 2015 as the latest. A right to sue letter was issued on March 2, 2017.

Plaintiff filed this action on March 9, 2017. Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, employment discrimination on the basis of race, color, sex, and sexual orientation. Additionally, Plaintiff claims retaliation and sexual harassment. Plaintiff also states claims under 18 U.S.C. §§ 241, 242, 249, 1513(b), 1519, and 2340 for conspiracy; deprivation of rights under color of law; retaliation against a witness, victim, or informant; destruction, alteration or

falsification of records in federal investigations; intentional tort crimes, war crimes, and hate crimes. Plaintiff further refers to defamation, "black listing," and "gang stalking."

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678). A court must "'draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group,* 592 F.3d 893, 896 n. 4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

## Discussion

Defendant's motion to dismiss centers on Plaintiff's failure to exhaust administrative remedies. Defendant seeks the dismissal of Plaintiff's claims that were not timely asserted or included in her charge of discrimination. Defendant argues that Plaintiff's complaint alleges significantly more violations than were

3

contained in her charge of discrimination and also includes allegations that occurred more than 300 days prior to the date Plaintiff filed her charge of discrimination, thereby rendering those claims untimely.

Title VII "establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). In order to exhaust administrative remedies, a claimant must file a timely charge of discrimination with the EEOC. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (citing *Worthington v. Union Pac. R.R.*, 948 F.2d 477, 479 (8th Cir. 1991)). Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). An individual must file a charge within the statutory time period and serve notice upon the person against whom the charge is made. *Id.*

The scope of a plaintiff's civil action is not necessarily limited to the specific allegations in the EEOC charge of discrimination. *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668 (8th Cir. 1992). In determining whether an alleged discriminatory act falls within the scope of a Title VII claim, the administrative complaint must be construed liberally "in order not to frustrate the remedial purposes of Title VII," *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988), and

the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge. *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 676 (8th Cir. 1995). Courts will liberally construe discrimination claims made by pro se litigants. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996). However, there is a great difference between "liberally reading a claim which 'lacks specificity'...and inventing, *ex nihilo*, a claim which simply was not made" by the plaintiff. *Id.* (internal citation omitted).

Plaintiff's Charge is devoid of any claims of race or color discrimination. She only claims retaliation and sex discrimination and/or harassment. Nor does Plaintiff claim any other type of discrimination in her Charge. As such, Plaintiff's claims of race, color, sexual orientation and gender identity are likewise subject to dismissal. Additionally, as Defendant argues, sexual orientation and gender identity discrimination are not protected classes under Title VII. See *Manlove v. USPS,* 2003 WL 1860554 at *4 (W.D. Mo March 26, 2003); see also *Sommers v. Budget Mktg, Inc*, 667 F.2d 748, 750 (8th Cir. 1982).

Plaintiff filed her charge of discrimination on December 23, 2015. Therefore, only those acts that occurred 300 days before December 23, 2015 (or February 23, 2015) are considered timely. In other words, Plaintiff's claims that discrimination occurred before February 23, 2015 are time barred.

5

Plaintiff attempts to bring causes of action under Federal criminal statutes: 18 U.S.C. § 241 (conspiracy against rights) and § 242 (deprivation of rights under color of law); § 249 (hate crimes), 18 U.S.C. § 1513(b)(bodily injury or threatened bodily injury in retaliation against witnesses, victims, or informants), § 1519 (destruction, alteration, or falsification of records in federal investigations and bankruptcy), 18 U.S.C. § 2340 (defines 2340A's penalties for torture). These claims will be dismissed as plaintiffs have no private right of action under these statutes, regulations or guidebooks. *See Lundt v. Hodges*, 627 F.Supp. 373, 375 (N.D.Iowa 1985) (no private rights of action under criminal statutes); *Abou–Hussein v. Gates*, 657 F.Supp.2d 77, 81 (D.D.C.2009) (same); *Armstrong v. Exceptional Child Center, Inc.*, ––– U.S. ––––, 135 S.Ct. 1378, 1387, 191 L.Ed.2d 471 (2015) (federal statutes phrased as directives to federal agencies lack rights-creating language needed to imply a private right of action); *Syngenta Seeds, Inc. v. Bunge North America, Inc.*, 773 F.3d 58, 63 (8th Cir.2014) (private right of action to enforce federal law must be created by Congress and evidenced by an intent to create not just a private right but also a private remedy) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001)); *Radford v. United States*, 178 F. Supp. 3d 784, 789–90 (E.D. Mo. 2016).

Plaintiff also attempts to raise claims for "black listing," and "gang stalking." These claims are not actionable under common law or statutory law.

See, *Maxwell v. Express Scripts, Inc.* 2012 WL 996651, at *5 (E.D. Mo March 22, 2012)(black listing); *Brown v. Parker*, 2010 WL 3463627, at *2 (D. Nev. July 13, 2010) *aff'd,* 2010 WL 3463631 (D. Nev. Aug. 30, 2010).

Plaintiff's claims for violations of the Fourteenth Amendment must fail. Plaintiff does not claim that Defendant took any state action or that Defendant is a state actor, requirements necessary for her due process claims under the Fourteenth Amendment. Under case authority, the absence of any state action justifies dismissal of any due process, equal protection and section 1983 claims. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974), Occhino *v. Northwestern Bell Telephone Co.*, 675 F.2d 220 (8th Cir. 1982); *Navarro v. Emery*, 2017 WL 3738534, at *2 (D.S.D. Aug. 30, 2017).

Furthermore, Plaintiff's claim that Defendant violated the Sixth Amendment by not allowing her to seek legal counsel also fails. The Sixth Amendment is inapplicable to civil proceedings. *Allen v. Barnes Hosp.* 721 F.2d 643, 644 (8th Cir. 1983).

Defendant seeks dismissal of Plaintiff's defamation claim. The motion is well taken. Plaintiff fails to set out sufficient facts setting forth a claim for defamation. Under Missouri law, a plaintiff must show publication of a defamatory statement that identifies Plaintiff. The statement must be false and must be published with a requisite degree of fault which damages Plaintiff's

7

reputation. *State ex rel. BP Prods. N. Am. Inc. v.* Ross, 163 S.W.3d 922, 929 (Mo. 2005). Plaintiff merely claims defendant ruined her reputation and image and illegally probed into her privacy through surveillance of Plaintiff at work and at home. These allegations are insufficient to state a *prima facie* claim for defamation.

Plaintiff also attempts to state a claim against Defendant for actions taken against Plaintiff because of her involvement in other litigation. Plaintiff's claims fail because she does not state sufficient facts from which Defendant can determine what cause of action Plaintiff is attempting to claim. The allegations regarding Barbara Gerli and Ryan Eddins will be dismissed.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Complaint fails to state viable claims with the exception of sex discrimination/harassment and retaliation. All other claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss, [Doc. No. 10], is granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims for sex

discrimination/harassment and retaliation remain.

Dated this 13th Day of March, 2018.

                                                HENRY EDWARD AUTREY  
                                                UNITED STATES DISTRICT JUDGE