UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OBED BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17CV866 HEA |
| | ) |
| EXPRESS SCRIPTS, | ) |
| | ) |
| Defendant. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Express Scripts Services Company's ("Express Scripts" or "Defendant") Motion to Dismiss [Doc. No. 117]. Defendant moves the Court to dismiss Plaintiff Obed Brown's ("Brown" or "Plaintiff") case with prejudice based on her failure to comply with Court Orders and her discovery obligations. Plaintiff, acting *pro se*, opposes Defendant's motion. For the following reasons, the Court will grant Defendant's motion and dismiss Plaintiff's case with prejudice.

## **Facts and Background**

Plaintiff initially filed her Complaint against Express Scripts on March 9, 2017. Plaintiff was formerly employed by Express Scripts from October 2013 until December 2015. Plaintiff's *pro se* Complaint alleged that Defendant discriminated against her based on her sex and in retaliation. Plaintiff also alleged various other

claims, including, criminal claims, discrimination based on sexual orientation or gender identity, race, black listing, and gang stalking. Plaintiff alleged damages of wrongful termination, poverty, housing loss, hospitalization due to "severe mental torture" by Express Scripts, ruined character, hindrance of medical treatment for gender identity disorder, black listing, and gang stalking. Following a partial motion to dismiss by Defendant, most of Plaintiff's claims were dismissed, leaving only the sex discrimination/harassment and retaliation claims.

On May 1, 2018, Defendant served Plaintiff with written discovery including interrogatories, requests for production including medical and employment records authorizations, and requests for admission. Plaintiff served Defendant with her answers to interrogatories and responses to requests for admission on May 30, and her responses to request for production on June 3. For most of her responses and answers, Plaintiff declined to respond or asserted privileges and objections that were irrelevant or unsupported. Defendant, asserting that Plaintiff's responses were "severely deficient," filed a Motion to Compel on June 20, 2018. On July 12, the Court granted Defendant's Motion to Compel Responses to Its Interrogatories and Requests for Production and Motion to Deem Its Requests for Admission Admitted.

Defendant filed a Motion for Sanctions on August 2 based on Plaintiff's failure to comply with the Court's July 12 Order.  On August 15, the Court ordered

Plaintiff to provide complete responses to Defendant's first set of interrogatories and requests for production within 14 days, and warned Plaintiff that failure to comply would result in Plaintiff's Complaint being stricken and dismissed. Plaintiff filed new responses to interrogatories on August 24, 2018. Again, Plaintiff refused to sufficiently respond to interrogatories, and refused to provide signed medical and employment record authorizations. Defendant filed a Memorandum to the Court on August 30 requesting that the Court strike Plaintiff's Complaint and dismiss this action. On September 7, Defendant filed a Supplemental Motion for Sanctions for Plaintiff's failure to comply with the Court's Order.

Plaintiff filed a Motion to Compel production of documents from Defendant on August 24. The Court denied that Motion, noting Plaintiff's failure to comply with local rule 37-3.04, which requires a party to attempt in good faith to resolve discovery disputes with opposing counsel before filing a motion to compel.

Discovery was required to be completed 60 days after Plaintiff provided the executed medical and employment authorizations, and the dispositive motion filing was to be completed within 84 days after Plaintiff provided the authorizations.

On January 22, 2019, Plaintiff filed purported executed authorizations with the Court. However, Plaintiff wrote on each signed authorization that she was signing "against [her] free will and liberty," rendering the authorization forms

ineffective. Defendant attempted to use the forms as provided to obtain medical records, but was denied. Defendant filed the instant Motion to Dismiss on February 26, 2019. Plaintiff filed a response, Defendant filed a reply, and Plaintiff filed a surreply.

## Discussion

Defendant requests that the Court dismiss Plaintiff's claims with prejudice pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 authorizes the district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir.2000). A dismissal with prejudice is "an extreme sanction," and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir.1999). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that [she] acted intentionally as opposed to accidentally or involuntarily.'" *Hunt*, 203 F.3d at 527 (*citing Rodgers v. University of Mo.*, 135 F.3d 1216, 1219 (8th Cir.1998)).

*Pro se* litigants are not excused from complying with court orders or substantive or procedural law. *Farnsworth v. City of Kansas City*, 863 F.2d 33, 34

(8th Cir.1988) (per curiam). Where a court gives meaningful notice of what is expected of the *pro se* litigants, initially imposes less stringent sanctions when they fail to cooperate, and warns them that their failure to comply with subsequent court orders would result in "dismissal of their action," dismissal is proper.

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir.2000). A district court, however, need not impose the least onerous sanction available, but the most appropriate under the circumstances. *Id.* Also, when a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." *Id.*

In this case, the Court finds Plaintiff has willfully disregarded the Court's orders. Plaintiff was ordered to respond to Defendant's interrogatories and requests for production on July 12, 2018 and August 15, 2018. In the written order dated August 15, Plaintiff was warned that her failure to comply would result in dismissal.

The Court also finds that Defendant has been prejudiced by Plaintiff's actions. Almost twelve months have passed since Defendant first served discovery on Plaintiff. Defendant has filed a motion to compel and motions for sanctions. The Court granted Defendant's motion to compel, and warned Plaintiff to fully respond to discovery requests in response to Defendant's first motion for sanctions.

To date, Plaintiff has not adequately responded to Defendant's interrogatories or requests for production. While Plaintiff has proceeded with depositions of Defendant's employees, Defendants are unable to meaningfully depose Plaintiff due her unwillingness to comply with discovery and the Court's orders.

Plaintiff continually refuses to properly execute the medical authorizations or answer interrogatories. Plaintiff willfully ignores the Court's orders to fully respond to interrogatories, choosing instead to answer only a subset of interrogatories, and even then, evading answers through unsupported objections and statements of privilege. Although Plaintiff maintains her position to the contrary, discovery of her medical records is proper. Plaintiff has placed her physical and mental conditions squarely at issue by alleging injuries and damages such as hospitalization due to severe mental torture and hindrance of medical treatment for gender identity disorder. Her associated medical records are relevant and therefore discoverable. *See Schoffstall*, 223 F.3d at 823. Plaintiff repeatedly, willfully, and intentionally refuses to comply with the Court's order to execute the authorizations and respond to interrogatories.

As a result of Plaintiff's willful disregard of her discovery obligations and Court orders, Defendant's ability to defend this suit has been seriously hampered. Time and money have been wasted, and Defendant still does not have all the information it needs to file a motion for summary judgment or go to trial.

The Court finds that during the course of this litigation Plaintiff has been deliberately evasive. She has willfully and unreasonably delayed these proceedings. The Court has considered but finds no other sanction short of dismissal that is appropriate at this time. The Court acknowledges Plaintiff has proceeded *pro se* during the majority of this litigation, and recognizes that justice favors hearing cases on the merits, but the Court believes there is no other sanction that would deter plaintiff from continuing to abuse the discovery process. Plaintiff has been plainly warned that she must comply with Court orders and her discovery obligations, to no avail. Plaintiff remains steadfast in her defiance to the rules and orders of this Court. The Court, therefore, finds that the only appropriate sanction at this junction is dismissal with prejudice.

**Conclusion**

Plaintiff's Complaint will be dismissed with prejudice as a result of Plaintiff's ongoing noncompliance with this Court's orders. Defendant's Motion to Dismiss will be granted, Plaintiff's Complaint will be dismissed with prejudice, and all remaining motions which are pending before the Court will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 117], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion for Sanctions, [Doc. No. 85] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint, [Doc. No. 98] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Pro Se Motion for Defendant and Court to Issue a "Search Warrant", [Doc. No. 102] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Continue Trial Setting, [Doc. No. 115] is **DENIED** as moot.

Dated this 25th day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE